FILED
SALINE COUNTY
IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS CIRCUIT CLERK

CIVIL DIVISION

2020 NOV 16 PM 3: 26

BY JM

**Zach Ryburn**                                                                 **PLAINTIFF**

vs.                            CASE NO. CV 63-20-916-3

**Managed Care, Inc. D/B/A Galaxy Health Network;**
**National Individual Ins. Agency, LLC; and**
**Landon Jordan, individually.**                                           **DEFENDANTS**

## COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ. AND ARKANSAS CONSUMER PROTECTION LAW

Comes now the Plaintiff, though his attorney, Jason Ryburn, and for his Complaint for Damages and Injunctive Relief against Defendants states:

### PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff, Zach Ryburn, is and was at all relevant times, a resident of Saline County, Arkansas.

2.   Defendant, Managed Care, Inc. D/B/A Galaxy Health Network, ("Galaxy" hereafter), is a Texas corporation with its corporate office in Arlington, Texas, which advertises and transacts business in the state of Arkansas, including Saline County. Galaxy may be served through its registered agent; Lynn Ross, 3650 Lovell Avenue, Fort Worth, TX 76107.

1

3. Defendant, National Individual Insurance Agency, LLC. ("NIIA" hereafter) is a Texas corporation with its corporate office in Haltom City, Texas, which advertises and transacts business in the state of Arkansas, including Saline County. NIIA may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900 DALLAS, TX 75201.

4. Defendant, Landon Jordan, is the owner of Defendant, National Individual Insurance Agency, LLC. Mr. Jordan is a resident of Texas and may be served at his personal address of 1409 Long and Winding Road, Mansfield, TX 76063-5608.

5. This Court has jurisdiction over this matter and the parties hereto pursuant to Ark. Code Ann. § 16-4-101 and venue is proper pursuant to Ark. Code Ann. § 16-55-213.

6. This Court has jurisdiction over this matter and the parties hereto pursuant to Ark. Code Ann. § 4-106-202(c)(1).

7. This Court has personal jurisdiction over the Defendants pursuant to Ark. Code Ann. § 4-106-202(b).

8. The TCPA specifically states that this Court shall have jurisdiction over violations of 47 U.S.C. § 227(b), pursuant to 47 U. S. C. §227(b)(3), (c)(5). Arkansas Law specifically grants jurisdiction over this matter and these Defendants pursuant to A.C.A. § 4-88-113(d)(3) and A.C.A. § 4-106-202(b) as the Defendants, and each of them, are subject to liability under A.C.A. § 4-106-202 and A.C.A. § 4-88-113(f).

## BACKGROUND
### The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing...

2

can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243. §2(5)(1991)(47 U.S.C. § 227).

10. The National Do Not Call Registry allows consumers to register their telephone number and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227; 47 C.F.R. § 64.1200(c)(2).

## Automated Telemarketing Calls are Prohibited by the TCPA

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

13. "Voluminous consumer complaints about abuses of telephone technology - for example, computerized calls dispatched to private homes - prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

14. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> "[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy."

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

## The TCPA Imposes Personal Liability on Individuals Who Participate in or Commission Telemarketing Calls.

15. Under the TCPA, individuals, such as Defendant, Landon Jordan, may be personally liable for the facts alleged in this Complaint pursuant to 47 U.S.C. § 217, which reads in part, "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person.* 47 U.S.C. § 217 (emphasis added).

16. When considering individual officer liability, other courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. See, e.g., *Jackson's Five Star Catering, Inc. v. Beason,* 2013 WL 5966340, at *4 (E.D.

4

Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they had direct, personal participation in or personally authorized the conduct found to have violated the statute."") *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415016 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."). See also, *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, 2014 1333472 at *3 (N.D. Ohio Mar. 28, 2014)).

17. Defendant, Landon Jordan, is personally liable under the "participation theory" of liability because he is the Principal owner of NIIA, had knowledge of NIIA's violations, and directed employees and/or agents of NIIA to continue making violations. Landon Jordan authorized and oversaw NIIA's marketing process. Landon Jordan also owns or owned (whether partially or wholly) other companies which have been sued for TCPA violations.

18. Landon Jordan is responsible for NIIA's TCPA compliance and is, therefore, personally liable.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

19. Plaintiff is a resident of Saline County, Arkansas.

20. Plaintiff is the authorized user of and controls his personal cell phone number: (501) 454-****.

21. According to their website, Defendant Galaxy is in the business of discount medical provider networks, services and products.

22. According to their website, Defendant NIIA is in the business of selling healthcare products and/or services to customers.

5

23.     Defendants use, direct, or employ telemarketing to promote their products/services.

24.     On, at least, forty-eight (48) occasions, between the dates of October 25, 2019 and January 29, 2020, Defendants placed automatically-dialed telemarketing calls to Plaintiff's personal cellular telephone number, (501) 454-****, many of which were placed using various, fraudulent, "spoofed" phone numbers. The numbers sometimes contained the area code of nearby areas, in an apparent attempt to disguise the call as coming from a local caller.

25.     Most of the 48 calls began with an agent identifying themselves as "Health Savings Network" when the caller initially introduced his/ herself.

26.     When asked what was being sold, several salespersons stated that they were selling "a Galaxy PPO plan." Galaxy PPO was mentioned as the plan/product/mechanism being sold on at least six (6) occasions.

27.     During a call on November 4, 2019, 2:04 p.m., a caller named Jasmine attempted to sell a healthcare plan through NIIA to the plaintiff. This caller specifically mentioned NIIA.

28.     During a call on November 12, 2019, 4:21 p.m., a caller identified herself as Alex with Health Savings Network. The caller also stated that her employer's business phone number was 866-203-8971. After the Plaintiff hung up the phone, the caller called again and eventually revealed that she was with "lowcostmedplans.com." Lowcostmedplans.com is a website that sells health plans or savings plans and contains language and prompts intended to gather TCPA "opt-ins". The website listed the business's number 866-203-8971 as of November 12, 2019.

6

29. During a call on December 11, 2019, 9:33 a.m., from 501-830-5437, the caller with Health Savings Network sent Plaintiff an email outlining Galaxy PPO's product(s). The email was from "healthbenefitcenter@gmail.com" and described a healthcare plan called "Discover Care Plus" which included Galaxy Health Network. The links in the email linked to American Workers Insurance Service's ("AWIS") website. NIIA was contracted to provide call-center services by AWIS as explained in AWIS's bankruptcy pleadings. The email also contained the same phone number, 866-203-8971, as the November 12th call. **See Exhibit A.**

30. On January 16, 2020, Plaintiff called the above number, 866-203-8971, at 3:36 p.m. The number called back at 4:23 p.m. The agent who spoke identified herself as being employed by NIIA and stated that lowcostmedplans.com was the company's website. She also attempted to sell a Galaxy PPO plan, the cost of which was $134.95 per month. When asked to clarify, the woman confirmed that National Individual Insurance Agency is National Individual Insurance Agency, LLC.

31. During a call to Plaintiff on November 1, 2020, 12:56 p.m., from 501-381-0588, a caller identified herself as Jasmine with Health Savings Network. Jasmine attempted to sell a Galaxy PPO plan to the Plaintiff. Plaintiff asked if she was selling a discount plan and the caller explained that the plan consists of negotiated rates and shows up as a discount card to avoid calling it health insurance with high monthly premiums and deductibles. The caller said the coverage is the same as traditional health insurance.

32. Plaintiff has no business relationship with the Defendants and never requested, prompted or consented to these calls. The calls were placed to Plaintiff's personal cellular phone for no legitimate purpose other than to solicit business for Defendants.

7

33. These forty- eight (48) calls were placed using automated dialing equipment as evidenced by prerecorded marketing messages and/or long, silent pauses after answering, and/or computerized "bloop" sounds, followed by the call being transferred to a sales person.

34. At no time did Plaintiff give consent to be called by Defendants. Any perceived interest was feigned by Plaintiff only in an attempt to identify the caller(s).

35. Prior to, during and following these calls, Plaintiff did not do any business with Defendants, nor did he provide his cellular telephone number. Defendants did not have Plaintiff's prior express written consent to make these calls.

36. On December 18, 2019, Plaintiff specifically asked an agent who called on behalf of Defendants at 3:24 p.m. using 501-575-1230 and who identified herself as "Leslie from Health Savings Network" to stop calling his cell phone number. Despite this, the calls continued.

37. Plaintiff's personal cell phone number, (501) 454-****, has been registered with the National Do Not Call Registry since June 30, 2015; more than 31 days prior to the calls.

38. Plaintiff received these forty-eight (48) calls on his private cellular telephone, as defined and set forth in 47 C.F.R. § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with AT&T as a cellular telephone number and is used for personal, lawful purposes.

39. These telemarketing solicitations constitute "calls" under the TCPA that were not for emergency purposes.

8

40. Plaintiff suffered actual damages, including but not limited to: invasion of privacy, depletion of cell phone battery, wasting of personal time and cellular minutes/data, and preventing Plaintiff from using his personal telephone for lawful purposes.

41. At all times mentioned herein, Landon Jordan, Galaxy and NIIA (Defendants), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency.

42. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced, supervised, and/or authorized the wrongful acts of its co-Defendant, and/or retained the benefits of said wrongful acts. Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, all of the Defendants acted with an awareness of the primary wrongdoing and realized that their conduct would substantially assist the accomplishment of the wrongful acts alleged herein.

43. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

44. As ultimate owner/principal of National Individual Insurance Agency, LLC, Landon Jordan is the primary beneficiary of the tortious conduct and illegal marketing described herein that was carried out in his company's name. Such tortious conduct exceeds the

9

permissible actions of corporate officers in Arkansas, Texas and nationwide. Mr. Jordan is also the owner of American Worker's Insurance Services and Association Health Care Management, which have been sued in several instances for nearly identical behavior as that described herein. Mr. Jordan had knowledge of and control over the conduct alleged herein and was ultimately responsible for National Individual Insurance Agency's compliance with Arkansas and federal law.

45. Each of these forty-eight (48) calls was made by or on behalf of Defendants.

46. These telephone sales calls and/or "robocalls" violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR 64.1200(a)(1)(iii), 47 CFR 64.1200(a)(1), and 47 CFR 64.1200(c)(2).

47. At least forty-three (43) of these calls were made in violation of Ark. Code Ann. § 4-88-107 (a)(11)(A) because Defendants employed a "spoofed" phone number. The callers utilized Arkansas area codes or generated phone numbers and/or area codes in an attempt to fraudulently conceal the identity of the callers or to cause Plaintiff to answer the calls by deception in order to more effectively market their products.

48. The Galaxy PPO "Discover Care Plus" plan is a medical discount product and/or medical discount card which was advertised in such a way as to include misleading language such as asking about the Plaintiff's level of "coverage" and the Plaintiff's "preexisting conditions." The sales pitch was misleading, deceptive, and fraudulent. The sales pitch did not directly express that a discount plan instead of insurance was being sold. These violations occurred on the November 12, 2019 call at 4:21 p.m. as well as most of the other forty-eight (48) calls.

49.    These telephone calls violated Ark. Code Ann. § 4-106-201(4), (5), and (8)(A).

## CAUSES OF ACTION

### COUNT 1- Negligent Violation of the TCPA's "Robocall" Prohibition, 47 U.S.C. § 227 et seq.

50.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51.    As a result of Defendants' and/or Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52.    Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### COUNT 2- Knowing or Willful Violation of the TCPA's "Robocall" Prohibition, 47 U.S.C. § 227 et seq.

53.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54.    As a result of Defendants' and/or Defendants' agents' knowing or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

55.    Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### COUNT 3- Negligent Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.

56. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

57. As a result of Defendants' and/or Defendants' agents' negligent violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

58. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### COUNT 4- Knowing and/or Willful Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. As a result of Defendants' and/or Defendants' agents' knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

61. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## COUNT 5- Willful and Knowing violations of Arkansas' Deceptive Trade Practices Prohibition, A.C.A. § 4-88-107(a)(11)(A).

62. Defendants or its/their agents willfully and knowingly employed deception and fraud when they concealed their true telephone number(s) and caused their number(s) to appear as if the calls came from various area codes, some local to Plaintiff, through use of technology in violation of A.C.A. § 4-88-107(a)(11)(A). Plaintiff is entitled to actual damages and reasonable attorney's fees pursuant to A.C.A. § 4-88-113(f), to be determined by a jury.

## COUNT 6- Violations of Arkansas' Consumer Protection- Health Related Cash Discount Cards, A.C.A. § 4-106-201(4),(5), and (8)(A) and § 4-106-203.

63. Defendants and/or their agents advertised a mechanism or device which is not insurance and that purports to offer discounts or access to discounts from health care providers in health-related purchases. The Defendants' advertisements of the discounts, access to discounts, and range of discounts were misleading, deceptive, or fraudulent in violation of A.C.A. § 4-106-201(4)(A)(B) and (C).

64. The advertisements for the card, device or mechanism included words or phrases commonly associated with the business of insurance, including, "health plan," "preexisting condition," and, "coverage" in violation of A.C.A. § 4-106-201(5).

65. The advertisements, including the internet and telephone solicitations, did not expressly state in a prominent manner that the discounts are not insurance, in violation of A.C.A. § 4-106-201(8)(A).

66. Neither corporate Defendant designated an agent who is a resident of Arkansas for service of process or registered an agent with the Secretary of State, in violation of § 4-106-203(1) and (2).

67. Plaintiff is entitled to actual damages, reasonable attorney's fees, and; one hundred dollars ($100) per card or other purchasing mechanism or device sold, marketed, promoted, advertised, or otherwise distributed within the state of Arkansas, or ten thousand dollars ($10,000), whichever is greater, pursuant to A.C.A. § 4-106-202(d)(3)(A)(i) and (ii).

## **DAMAGES AND RELIEF SOUGHT**

1. For awards of $500.00 for each negligent violation as set forth in counts 1-6;

2. For awards of $1,500.00 for each knowing and/or willful violation as set forth in counts 1-4.

   - Total federal statutory damages: **$144,000.00** (forty-eight calls each consisting of: "sales call" and "RoboCall" violations, with treble damages for each.)

3. For award of actual damages and reasonable attorney's fees for violations of A.C.A. § 4-88-107(a)(11)(A) and remedies under A.C.A. § 4-88-113(f), to be determined by a jury.

4. For award of treble actual damages, reasonable attorney's fees, costs, and any other relief the court deems proper for violations of A.C.A. § 4-106-201(4),(5), and (8)(A), pursuant to A.C.A. § 4-106-202(d)(3)(B), (C), (D), and (E).

5. Injunctive relief, as set forth in counts 1-6, against Defendants and each of them to prevent future wrongdoing;

6. For award of one hundred dollars ($100.00) per card or other purchasing mechanism or device sold, marketed, promoted, advertised, or otherwise distributed within the state of Arkansas, or ten thousand dollars ($10,000.00), whichever is greater, for violations of A.C.A. § 4-106-201(4),(5), and (8)(A), pursuant to A.C.A. § 4-106-202(d)(3)(A)(i) and (ii).

7. Pre and post judgment interest at the maximum legal rate;

8. All such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

**WHEREFORE**, Plaintiff prays for the above-mentioned remedies, including but in no way limited to an award of the costs and reasonable attorney's fees incurred in connection with this matter, and for all other just and proper relief to which Plaintiff may be entitled. Plaintiff reserves the right to add additional claims as they may arise through further factual investigation and discovery.

Respectfully Submitted,

Jason Ryburn, Esq.
AR BAR No. 2012148
650 S. Shackleford Dr. Ste. 231
Little Rock, AR 72211
501-228-8100
jason@ryburnlawfirm.com

15