IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZACH RYBURN                                                        PLAINTIFF

v.                        No. 4:20-cv-1516-DPM

MANAGED CARE, INC., d/b/a Galaxy
Health Network; NATIONAL
INDIVIDUAL INSURANCE AGENCY,
LLC; LANDON JORDAN, Individually;
and HAROLD L. BROCK, JR.,
Individually                                                       DEFENDANTS

ORDER

1. This case stems from a thoroughly modern harm: robocalls. Ryburn claims that Managed Care, National Individual Insurance Agency, Jordan, and Brock coordinated to make forty-eight telemarketing calls to him that violated the federal Telephone Consumer Protection Act and Arkansas's consumer protection laws. Defendants seek to dismiss Ryburn's complaint. Jordan and Brock say that the Court lacks personal jurisdiction over them, and all defendants argue that Ryburn fails to state a claim. The Court accepts the pleaded facts as true. *Trone Health Services, Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

2. Arkansas law extends personal jurisdiction as far as the Due Process Clause allows. ARK. CODE ANN. § 16-4-101(B). The deep

question is whether it's fair and reasonable, considering all the facts with jurisdictional weight, to require Jordan and Brock to defend this action in a court sitting in Arkansas. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Jordan and Brock aren't subject to general personal jurisdiction. They're both Texans, and the facts don't show that Arkansas is akin to a second home for either man. *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). But, they are subject to specific personal jurisdiction. Ryburn alleges that Jordan and Brock played a leading role in placing the offending calls that he received in Arkansas. He says they knew about the violations and directed employees to commit them. Jordan and Brock thus purposefully aimed (or caused to be aimed) dozens of illegal phone calls at an Arkansawyer within the state's borders and caused him predictable harm. They have been haled into court to defend against those allegations only. All told, there's a sufficient connection between Jordan and Brock's actions, Arkansas, and Ryburn's claim to establish specific personal jurisdiction over Jordan and Brock in this case. *Whaley v. Esebag*, 946 F.3d 447, 451–52 (8th Cir. 2020); *see also Ford Motor Co. v. Montana Eighth Judicial District Court*, — S. Ct. —, 2021 WL 1132515, at *4–5 (25 March 2021).

**3.** Under the Telephone Consumer Protection Act, it is unlawful to make calls to an individual's cell phone using an automatic dialing system or artificial or prerecorded voice without the recipient's express prior consent, 47 U.S.C. § 227(b)(1)(A), or to make telephone

solicitations to a number listed on the national do not call registry, 47 U.S.C. § 227(c)(3)(F). Each defendant says Ryburn hasn't alleged that it made or initiated any of the calls. That's not the whole story. "Health Savings Network" made the sales calls, but Ryburn pleads that this is a fictitious organization behind which one or all of the defendants are hiding. Ryburn alleges that the defendants worked in concert, knew of each other's actions, directed employees to make the offending calls, and ensured that Managed Care's products were marketed during them. At a minimum, Ryburn states a plausible claim for defendants' violation of the Telephone Consumer Protection Act under an agency theory. *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960–61 (8th Cir. 2019). Discovery will illuminate each party's role, if any, in the alleged telemarketing scheme.

4. Arkansas law prohibits the deceptive sale or promotion of health-related cash discount cards. ARK. CODE ANN. § 4-106-201. Defendants again say Ryburn has failed to allege any facts indicating that they or their agents called or emailed him about medical discount cards. The agency theory is one answer to this argument, and it provides a basis for Ryburn's claims. Plus, ARK. CODE ANN. § 4-106-201 doesn't have the same "initiating the call" requirement that the Telephone Consumer Protection Act does. Ryburn pleads that each defendant had a hand in the calls, and that the calls marketed, advertised, and attempted to sell Managed Care's medical discount

cards without making the specific disclosures required by Arkansas law. That's a plausible state law claim against Managed Care, National Individual Insurance Agency, Jordan, and Brock.

\* \* \*

Defendants' motions to dismiss, *Doc. 25, 28, 30, & 32*, are denied. So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 March 2021