**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ZACH RYBURN,

       Plaintiff

     v.

MANAGED CARE, INC. D/B/A
GALAXY HEALTH NETWORK;
NATIONAL INDIVIDUAL INS.
AGENCY, LLC; AND LANDON
JORDAN, INDIVIDUALLY

       Defendants.

Case No. 63CV-20-916

**FIRST SET OF**
**INTERROGATORIES TO**
**DEFENDANT:**
**NATIONAL INDIVIDUAL INS.**
**AGENCY.**

Served: 4/30/21

       Pursuant to Arkansas Rules of Civil Procedure 26, 33 and 34. Plaintiff, Zach Ryburn

("Plaintiff"), by and through his attorney, hereby requests that Defendant, National Individual

Insurance Agency. (hereinafter Defendant) respond to the following interrogatories and requests:

**INSTRUCTIONS FOR INTERROGATORIES**

       1.     Pursuant to Rule 33, submit your answers to the interrogatories herein in writing

and under oath to the undersigned counsel within 30 days of the date of service on you. If any of

these interrogatories cannot be answered in full, then you should answer to the fullest extent

possible, specifying the reasons for your inability to answer the remainder and stating whatever

information or knowledge you have concerning the unanswered portion or portions. In answering

these interrogatories, furnish such information as is available to you, regardless of whether this

information is obtained directly by you, through your agents or representatives or by any of your

attorneys.  For each interrogatory, please identify all persons who provided information used in

answering it.

2.      These interrogatories are continuing in nature.  In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

**INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

3.      Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4.      In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5.      A draft and a final version are two distinct documents.

6.      If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

7.      If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production in its original condition, state the following information:

a.      whether it has been altered, tampered with, edited, manipulated, destroyed and/or deleted;

b.     if so, how, why, when, where and by whom; and

c.     what remedial measures, if any, have been taken to prevent similar occurrences in the future.

8.     These requests shall be deemed continuing so as to require seasonable supplemental responses as Defendant or its attorneys obtain further information or materials from the time its answers are served through trial.

## DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

9. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

10. "**Defendant**" means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

11. "**Describe**" means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

12. "**Document**" means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

13. "**Identify**" (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

14. "**Identify**" (when used in reference to an natural person) means to state that person's full name, title, business address, telephone number, email address, occupation and employer, along with a statement of whether that person is represented by your counsel in this litigation.

15. "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

16. "**Electronically stored information**" or "**ESI**" means any electronic document and includes, without limitation, the following:

a.      Activity listings of email receipts and/or transmittals;

b.      Output resulting from the use of any software program (whether such program is hosted locally, on a dedicated server, in the cloud, or otherwise), including without limitation word processing documents (such as Google Docs or Microsoft Word), notes (such as Apple Notes or Evernote), task lists (such as Asana or Trello), calendar entries, slideshows (such as

PowerPoint or Keynote), spreadsheets, database files, charts, graphs, outlines, email, SMS, MMS, social media (including, but not limited to, Facebook, LinkedIn, Twitter and Snapchat), instant messaging (including, but not limited to, Google Hangouts, Slack and Yammer), voicemails, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, archived file, deleted file or file fragment; and

c.      Any and all items stored on computer memories, hard disks, network servers, individual computer workstations or clients, thumb drives, jump drives, CDs, DVDs, cloud servers, floppy disks, CD-ROMs, magnetic tape, microfiche or any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, smartphone and/or tablet (e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle, Nook or other device). To minimize redundant work for all parties, Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form of any electronic production before the gathering or processing of ESI.

In each instance (a) through (c) above, information is ESI regardless of whether or not it is ostensibly (1) professional or personal; (2) local, remote or cloud-based; (3) archival or not; (4) in English, Spanish or another language.

17. "**Or**" means and/or.

18. "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

19. "**Plaintiff**" means the Plaintiff in this lawsuit.

20. "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

21. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

22. "**Telemarketing**" means a telecommunication that could have generated or was intended to generate leads, customers or sales for you within the United States. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

23. "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

24. "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

25. "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

26. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/.

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

## INTERROGATORIES

For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendant to answer any Interrogatory, state the following:

- First, last, and middle legal name,

- All DBA, fake, or alias name(s) used by this person,

- Job title, position with Defendant or capacity on behalf of Defendant,

- Business address and telephone number,

**INTERROGATORY NO. 1:**

State the name, employer, most current address, title and job description of each person or entity (including present or former third parties, officers and/or employees) who is/was responsible for, during the past four years, employing, contracting with, managing and/or directing marketing efforts of any kind, including but not limited to telemarketing campaigns, television, print, electronic, social media, SMS, and faxes and state specifically what that (those) person's duties are with respect to his or her position.

**INTERROGATORY NO. 2:**

Identify (name, address, phone number, DBAs, FEIN, aliases, officers) any and all individuals or businesses with which/whom Defendant contracted or engaged with for the purposes of marketing, advertising, public relations, or promotion of any kind within the past four years.

**INTERROGATORY NO. 3:**

Explain in detail all methods, third parties, and processes utilized by Defendant to communicate with potential sales leads or customers.

**INTERROGATORY NO. 4:**

Explain in detail Defendant's network, as it exists and has existed during the past four years, of salesmen, clients, lead vendors, lead generators, telemarketers, and call centers.  Include all identifying information related to each individual or entity, the revenue paid to Defendant by each individual or entity, the amount paid by Defendant to each individual or entity, the time period of each business relationship, the credentials and insurance required of each individual or entity and Defendant's policy with regard to the conduct of each individual or entity.

**INTERROGATORY NO. 5:**

Explain in detail Defendant's business relationship and practices with regard to any and all healthcare or health discount plan companies/individuals/business entities during the past three years.  Include in your response the identity of any and all individuals or entities with which/whom Defendant contracts for the purposes of selling healthcare plans or services.

**INTERROGATORY NO. 6:**

State whether you have ever taken any measures or action in attempting to identify whether any telephone number to be called by or on behalf of your company was a cellular telephone number. If so, please identify with specificity what measure(s) or actions you took,

who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.

**INTERROGATORY NO. 7:**

State whether you have ever taken any measures or action in attempting to ensure compliance with the TCPA, state specific telemarketing rules and FTC Sales Call Rules with regard to Defendant and any third-party marketers. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.

**INTERROGATORY NO. 8:**

List and describe in detail all software, technology, network, cloud-based system, CRM, application, or program used by Defendants within the past three years to conduct healthcare or health discount plan sales or services.  Include the name of the product, the manufacturer, when its use by Defendants began, how it was procured, how much each product costs, how and where each product stores information and who is responsible for each product's maintenance and use.

**INTERROGATORY NO. 9:**

Describe in detail Defendant's process and policies related to control of and creation of the scripts and language used by telemarketers or marketing companies with which/whom Defendant did any sort of business.  If any significant changes to these processes or policies were made, please describe the change, the date thereof, and the reason for said change.

**INTERROGATORY NO. 10:**

List and describe the role of each of your employees.

## DOCUMENT REQUESTS

1.      Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

2.      Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

3.      Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into telephone calls made to Plaintiff.

4.      Please produce all documents relating to telemarketing training provided to your vendors, partners, marketers, on boarders, recruiters, or any person or entity which/who was contracted to assist you in attracting or enrolling new members/customers.

5.      Please produce all documents relating to any failure, alleged failure, or possible failure by you or any vendor to comply with your policies related to telemarketing, this includes, but is not limited to, National Individual Insurance Agency, Inc, Association Health Care Management, Inc., National Association of Preferred Providers, and American Workers Insurance Services.

6.      Please produce all documents relating to the failure, alleged failure, or possible failure of your vendors, partners, marketers, on boarders, recruiters, or any person or entity which/who was contracted to assist you in attracting new members/customers, to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to telemarketing.

7.      Please produce all documents relating to complaints or do-not-call requests concerning marketing and telemarketing, including, but not limited to, lists or databases

containing complaints and metadata about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, states' attorneys general, BBB, or any other source.

8.      All communications between you and  Managed Care Inc., Association Health Care Management, Inc., National Association of Preferred Providers, Landon Jordan, Harold Brock, American Workers Insurance Services, Inc., Grouper Media, Inc., or any agent/representative thereof regarding telemarketing, customer acquisition, sales, or obtaining new members.

9.      All of your internal communications regarding Managed Care, Inc., Association Health Care Management, Inc., National Association of Preferred Providers, Landon Jordan, Harold Brock, Grouper Media, Inc, and American Workers Insurance Services, Inc. or any agent/representative thereof concerning compliance, sales, telemarketing, obtaining new members, or customer acquisition.

10.     Please produce all documents relating to potential insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

11.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of any judgment that may or could be entered against you in this action, and all communications with those third parties.

12.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

- the frequency with which calls are placed to the same number;

- scripts;

- reasons triggering the addition of a person's name or telephone number to the list of those receiving calls;

- when and how calls would be placed (e.g., the vendor, equipment, computer system, or other program, etc.);

- compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

- obtaining or verifying prior express consent;

- determining whether a person has revoked consent and/or opted out from receiving calls from you;

- placing automated calls to persons who have revoked consent and/or opted out; or

- complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

13.     Please produce your do-not-call policy.

14.     Please produce a list of all calls made to the Plaintiff by you or any vendor or any third party. Please specify the time, date, the number called from, and the party who called the Plaintiff with each call.

15.     Please produce all marketing materials, including but not limited to, scripts, websites, mailings, and emails, associated with Managed Care, Inc.'s (Galaxy Health Network) products or any other product that was or may have been marketed to the Plaintiff.

16.     Please produce a list of all calls made to Arkansas residents advertising Galaxy PPO products or any other medical discount card or other purchasing mechanism or device in the last two years.

17.     Please produce your books and records as required by A.C.A. § 4-106-202(f)(2).

20.     Please produce all literature that you provide to Arkansas purchasers of "Galaxy PPO" or purchasers of "Discover Care Plus."

21.     Please provide all sales figures and records of sales made/members acquired through National Individual Insurance Agency, Inc., Association Health Care Management, Inc., National Association of Preferred Providers, Landon Jordan, Harold Brock, Grouper Media, Inc, and American Workers Insurance Services, Inc. or any agent/representative thereof. Please include any documents noting the method by which each sale (or plan or membership) was made, marketed, and/or sold.


Dated:          4/30/21                          Respectfully submitted,

                                                 ,
                                                 Jason Ryburn, Esq.
                                                 Ryburn Law Firm
                                                 Attorney for Plaintiff
                                                 650 S. Shackleford Rd. Ste. 231
                                                 Little Rock, AR 72211
                                                 jason@ryburnlawfirm.com
                                                 P:501-228-8100
                                                 F: 501-228-7300

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a true and correct copy of the foregoing by electronic filing on the Court's ECF system and/or by electronic mail upon the following, as designated below, on this 30th day of April, 2021:

John Oxendine, Esq.
OXENDINE LAW GROUP PC
4370 Peachtree Road NE
First Floor
Atlanta, GA 30319

Ivy Oxendine, Esq.
OXENDINE LAW GROUP PC
4370 Peachtree Road NE
First Floor
Atlanta, GA 30319

Jessica Pruitt Koehler, Esq.
WRIGHT, LINDSEY & JENNINGS
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699

Scott Andrew Irby, Esq.
WRIGHT, LINDSEY & JENNINGS
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699

Lindsey Emerson, Esq.
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201

By: Jason M. Ryburn, Esq.
BAR 2012148
